**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DIANA M. ARNEY, | |
| Plaintiff, | |
| v. | |
| ELECTROLUX HOME PRODUCTS, INC., TRANSFORM SR BRANDS LLC, Individually and d/b/a SEARS, and SEARS, ROEBUCK AND CO., | Case No. |
| Defendants. | |

**DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Electrolux Home Products, Inc. ("Electrolux"), through undersigned counsel, hereby timely removes this case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.[1] As grounds for removal, Electrolux states as follows:

**BACKGROUND**

1.      On or about November 19, 2020, Plaintiff Diana M. Arney filed a Complaint in Cook County Circuit Court, Case No. 2020 L 012403, naming the following three Defendants: (1) Electrolux Home Products, Inc.; (2) Transform Sr Brands LLC ("Transform"); and (3) Sears, Roebuck and Co. ("Sears").  A copy of the Complaint is attached hereto as **Exhibit A**.

2.      On December 7, 2020, Electrolux was served with the Complaint through CT Corp., its agent for service of process.  A copy of the Service of Process Transmittal is attached hereto as **Exhibit B**.

---

[1] By removing this action to this Court, Electrolux does not waive any defenses, objections, or motions available under state or federal law.

1

3.      In the Complaint, Plaintiff alleges personal injury arising out of a fire that occurred on January 7, 2020.  She claims the fire was caused by an allegedly defective clothes dryer designed, manufactured, sold, and installed by the Defendants.  *See* Compl., generally.

4.      Generally, Plaintiff alleges Electrolux designed, manufactured and sold the subject dryer to Defendants Transform and Sears, who then marketed and sold it under the Kenmore name. *See id*.

5.      On October 15, 2018, Sears filed a voluntary petition for relief under Chapter 11 of the United States Code, 11 U.S.C. § 101 et seq. ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York, Case No. 18-23537 and Case No. 18-23538, respectively ("Bankruptcy Cases").  The Chapter 11 cases are being jointly administered for procedural purposes before The Honorable Robert D. Drain, United States Bankruptcy Judge, under the caption *In re Sears Holding Corporation*, Case No. 18-23538.

6.      On January 6, 2021, Sears was voluntarily dismissed from this lawsuit.  A copy of Plaintiff's Motion to Voluntarily Dismiss Sears and the docket sheet reflecting the Court's allowance of the Motion are attached hereto as **Exhibit C.**

7.      On May 18, 2021, Transform filed a Motion to Dismiss Plaintiff's Complaint, alleging, among other things, that it was not formed until 2019 and a successor liability theory lacks merit, as it did not assume any of Sears' liabilities that formulate the basis of the lawsuit.  A copy of Transform's Motion to Dismiss is attached hereto as **Exhibit D.**

8.      On June 17, 2021, Plaintiff filed a Motion for Continuance of Defendant's Motion to Dismiss and Permit Discovery, requesting the Court to a) suspend adjudication of Transform's motion while it engages in limited discovery on the issue of successor liability, and b) grant discovery on said issue.  A copy of Plaintiff's Motion for Continuance is attached hereto as **Exhibit E.**

9.      On June 23, 2021, Plaintiff's Motion for Continuance was granted over Transform's objection, allowing Plaintiff 14 days to issue discovery.  A copy of the Court's Order granting Plaintiff's Motion for Continuance is attached hereto as **Exhibit F.**

10.     On July 13, 2021, Transform, in turn, filed a Motion to Enforce the Sale Order in the United States Bankruptcy Court for the Southern District of New York.  That motion seeks to enjoin Plaintiff from pursuing, asserting, or taking other action against Transform, to the extent claims are based upon a theory of successor liability.  A copy of Transform's Motion to Enforce Order is attached hereto as **Exhibit G.**  In the underlying Cook Co. action, Transform subsequently filed a Motion to Stay Discovery pending the Bankruptcy Court's ruling on its Motion to Enforce. A copy of Transform's Motion to Stay Discovery is attached hereto as **Exhibit H.**

11.     On September 27, 2021, Transform's Motion to Enforce was argued in front of Judge Drain.  Judge Drain stated that Plaintiff's claims against Transform are subject to the February 8, 2019 Sales Order (and underlying Sales Agreement), but chose to reserve final judgment on the Motion, allowing Plaintiff to engage in limited discovery aimed at ascertaining whether she received adequate notice of Sears' bankruptcy.  A copy of the Sale Order (ECF No. 2507) is attached hereto as **Exhibits I**, and a copy of the transcript of the September 27, 2021 hearing is attached hereto as **Exhibit J**.

12.     Specifically, Judge Drain explained that because the product at issue in Plaintiff's underlying lawsuit was purchased prior to Sears' bankruptcy petition, and the subsequent sale to Transform, her claims would be barred because the Sales Order is drafted such that Transform is free and clear of successor liability.

> [I] think that in the Second Circuit it's pretty clear that if you buy a product before a bankruptcy sale, you will have – and your product causes an injury after the sale, and the sale order is drafted to be free and clear of successor liability that you have the type of claim that would, in fact, not survive that order.  Ex. J. at 42.

> [I]t doesn't appear to me that the law in the [S]econd [C]ircuit is such that a person like Ms. Arney, whose product was purchased presale and had a defect that either caused economic or actual physical injury can get out from under a free and clear order just because of that fact pattern, i.e. they didn't have the injury until after the sale.  *Id*. at 43-44.

> [A]t least for purposes of this ruling, the root cause of the injuries as alleged in the complaint, the dryer, was indeed purchased before the sale to Transform, and that because of that, at least before me today, purchase relationship between the Plaintiff, Ms. Arney, and the Debtor, Sears, a claim arising from the dryer would be barred by the sales order. *Id*. at 68.

Judge Drain went on to state that the Sale Order would cover Plaintiff's claim, and he would grant Transform's motion, subject to further limited discovery on whether Plaintiff received adequate and procedurally proper notice of the Sale.

> So, I conclude that assuming there was procedurally proper due process as far as the sale notice was concerned, I would grant the motion and enforce the sale order. However, it appears to me that there is a potential issue as to procedural due process that warrants limited and focused discovery before such an order is entered. Ex. J at 73.

13.     Electrolux seeks to remove this action on the basis of diversity of citizenship.

## **GROUNDS FOR REMOVAL**

### I.     **THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

14.     As set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Electrolux—the only properly joined defendant—and the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.     **The Properly Joined Parties Are Completely Diverse**

15.     Plaintiff alleges she is a resident of Cook County, Illinois. Compl., ¶ 1. Plaintiff is therefore a citizen of the State of Illinois for purposes of section 1332(c)(1).

16.     Electrolux is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in North Carolina.

17.     Because Plaintiff is a citizen of Illinois and Electrolux is a citizen of Delaware and North Carolina, complete diversity of citizenship exists between the parties properly joined in this action.

**B.**    **Sears Was Voluntarily Dismissed And Cannot Defeat Diversity**

18.    Sears was voluntarily dismissed by Plaintiff on January 6, 2021, and therefore Sears' citizenship should not be factored in the diversity analysis. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992).

**C.**    **Transform Is Fraudulently Joined And Cannot Defeat Diversity**

19.    A plaintiff "may not join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Schwartz v. State Farm Mut. Auto. Ins. Co*., 174 F.3d 875, 878 (7th Cir. 1999). A joinder "is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id*. (quoting *Poulos v. Naas Foods, Inc*., 959 F.2d 69, 73 (7th Cir. 1992)). In the context of jurisdiction, the term "'fraudulent' is a term of art . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance." *Poulos*, 959 F.2d at 73.

20.    While Plaintiff alleges Transform designed, assembled, installed, prepared, manufactured, maintained, provided, advertised, distributed, supplied, sold and/or placed for sale the subject dryer, it is clear that her sole theory of liability against it is premised on its status as a successor entity to Sears. *See* Compl., generally. Not only has Plaintiff named Transform "d/b/a Sears," the basis of her Motion for Continuance is an effort to gather information aimed at establishing the existence of successor liability. *Id*.; *See* Ex. G.

21.    The Sale Order (ECF No. 2507)[2] approving the sale of certain Sears' assets to Transform expressly and broadly protects it from successor liability claims, including product liability claims such as this one. *See* Ex. I at 11-12.

22.    Paragraph M of the Sale Order, entitled "**No Successor or Other Derivative Liability**" provides that Transform will not be subject to "any theory of successor or transferee

---

[2] The docket of the Sears Chapter 11 cases, and additional information regarding the status of the cases, is publicly available via the website maintained by the Debtors' noticing agent at https://restructuring.primeclerk.com/sears/Home-DocketInfo.

5

liability" including "product line, *de facto* merger or substantial continuity" theories. See Ex. I at 11 of 83.

23. Judge Drain confirmed that the Sale Order applies to and bars Plaintiff's claims, subject to narrow discovery on notice issues. This statement indicates by more than a preponderance of the evidence that Plaintiff's successor liability claim against Transform "simply has no chance." *Poulos*, 959 F.2d at 73.

24. Accordingly, because Transform is fraudulently joined, there is complete diversity between the properly joined parties.

## II.    THE IMPROPERLY JOINED DEFENDANTS DO NOT NEED TO CONSENT TO REMOVAL

25. Transform is not a proper party to this suit, and therefore its consent to this removal is unnecessary. See *Gross v. FCA US LLC*, No. 17 C 4889, 2017 WL 6065234, at *5 (N.D. Ill. Dec. 7, 2017) ("Consent for removal under Section 1446(b)(2)(A) is not required from fraudulently joined defendants"); see also *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1024 (N.D. Ill. 2015) (same).

## III.    THE AMOUNT IN CONTROVERSY IS SATISFIED

26. The amount in controversy is also satisfied. Plaintiff seeks nearly $870,000.00 in medical bills and related costs, alone. *See* Plaintiff's Medical Expense Itemization dated July 28, 2021, attached hereto as **Exhibit K.** Thus, the alleged damages in this case satisfy the requisite amount for diversity jurisdiction.

## IV.    ELECTROLUX SATISFIED THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

27. Removal is timely because the removal clock has not started to run, and removal occurred within the one-year time limit of section 1446(c).

28. "The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013).

Electrolux has not been served with a pleading or other paper that starts the removal clock. Judge Drain's statements at the hearing on Transform's Motion to Enforce the Sale Order, however, indicate that Plaintiff's successor liability claims against Transform will ultimately be barred. Accordingly, Electrolux is removing this case on its own initiative. See *Redfield v. Uthe*, No. 2:20-CV-199-TLS-JPK, 2021 WL 2451906, at *4 (N.D. Ind. June 15, 2021) (citing *Walker*, stating that "Defendants might . . . determine that removal is appropriate based on a preponderance of the evidence and remove on their own initiative").

29.     Removal to this Court is proper because Cook County, Illinois, where the state action is pending, is within the Eastern Division of the Northern District of Illinois. 28 U.S.C. § 1441(a)(1).

30.     After filing this Notice of Removal, Electrolux will promptly give written notice of the removal to all adverse parties and file a copy of the notice with the Clerk of the Circuit Court for Cook County, Illinois. 28 U.S.C. § 1446(d).

Dated: October 27, 2021                          Respectfully submitted,

                                                 */s/ James Shultz*
                                                 **Attorney for Defendant**
                                                 **Electrolux Home Products, Inc.**

                                                 James R. Shultz (6304006)
                                                 TUCKER ELLIS LLP
                                                 233 South Wacker Drive, Suite 6950
                                                 Chicago, IL 60606
                                                 Phone: (312) 624-6300
                                                 Fax: (312) 624-6309
                                                 Jay.Shultz@tuckerellis.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 27, 2021, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system, and a copy of the foregoing was served via e-mail, on the following:

Sean P. Murray
Julie L. Pustilnik
TAXMAN, POLLOCK, MURRAY & BEKKERMAN, LLC
225 W. Wacker, Suite 1650
Chicago, IL 60606
smurray@tpmblegal.com
jpustilnik@tpmblegal.com

***Counsel for Plaintiff***

James P. Balog, Esq.
Lucas Sun, Esq.
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
jbalog@ohaganmeyer.com
lsun@ohaganmeyer.com

***Counsel for Defendant***
***Transform SR Brands, LLC***

*/s/ James Shultz* _____